1 | KNEAFSEY & FRIEND LLP
2 | SEAN M. KNEAFSEY (SBN 180863)
   | skneafsey@kneafseyfriend.com
3 | JOYCE J. CHO (SBN 256165)
   | jcho@kneafseyfriend.com
4 | 800 Wilshire Blvd., Suite 710
   | Los Angeles, California 90017
5 | Phone: (213) 892-1200
   | Fax: (213) 892-1208

6 | JOHNSTON & HUTCHINSON
7 | Thomas Johnston (SBN 210506)
   | tjj@johnstonhutchinson.com
8 | 350 S. Grand Ave., Suite 2220
   | Los Angeles, CA 90071
9 | Telephone: (213) 542-1978
   | Facsimile: (213) 542-1977

10 | Attorneys for Plaintiff,
11 | ANDRE KHAZRAEI

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE KHAZRAEI, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT FOR** |
| vs. | **(1) TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)** |
| CHRISTOPHER BROWN AKA CHRIS BROWN, an individual; and DOES 1-25, inclusive, | **(2) FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))** |
| Defendants. | **(3) CALIFORNIA COMMON LAW TRADEMARK INFRINGMENT** |
| | **(4) STATUTORY UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200)** |
| | **[Demand for Jury Trial]** |

For his Complaint against CHRISTOPHER BROWN AKA CHRIS BROWN, an individual, and DOES 1-25, inclusive, Plaintiff ANDRE KHAZRAEI, an individual, alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under the federal trademark statute (the "Lanham Act"), 15 U.S.C. § 1051, *et seq.*, and under the common law of the State of California. This Court has subject matter jurisdiction over the federal trademark, false advertising, and unfair competition claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338, and 1367. The Court has subject matter jurisdiction over the related California state law claims pursuant to 28 U.S.C. §§ 1338 and 1367. The Court has supplemental jurisdiction over the third and fourth claims pursuant to 28 U.S.C. § 1367.

2. The amount in controversy between the parties exceeds $75,000.

3. Plaintiff is informed and believes, and on that basis alleges, that this Court has personal jurisdiction over Defendant because he resides in this judicial district, has extensive contacts with, and conducts business within, the State of California and this judicial district; Defendant has caused KONFUSED products to be advertised, promoted, and sold in this judicial district; the causes of action asserted in this Complaint arise out of Defendant's contacts with this judicial district; and because Defendant has caused injury to Plaintiff in this judicial district.

4. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) because Defendant resides in this judicial district; Defendant has extensive contacts with, and conducts business within, the State of California and this judicial district; Defendant has caused KONFUSED products to be advertised, promoted, and sold in this judicial district; the causes of action asserted in this Complaint arise out of Defendant's contacts with this judicial district; and because Defendant has caused tortious injury to Plaintiff in this judicial district.

**THE PARTIES**

5.      Plaintiff Andre Khazraei is an individual who resides in Los Angeles County, California.

6.      Plaintiff is informed and believes that Defendant Christopher Brown aka Chris Brown is an individual who also resides in Los Angeles County.  Plaintiff is informed and believes that Brown does business in this judicial district by promoting and/or selling products that infringe Plaintiff's trademark in this judicial district.

**BACKGROUND FACTS**

7.      Plaintiff Andre Khazraei is an artist from Los Angeles, California who created the KONFUSED trademark as early as 2003.  KONFUSED is Khazraei's artistic name and he uses this name exclusively on his artwork.  In addition, Khazraei has used his trademark on his artwork, clothing, as well as in other medium.  A depiction of Khazraei's mark is set forth below:



8.      Khazraei registered his KONFUSED mark with the United States Patent and Trademark Office ("USPTO") on March 3, 2008, and has continuously used the mark since that time.  On March 31, 2009, the USPTO issued to Plaintiff U.S. Trademark Registration No. 3597500.

9.      The KONFUSED® registration is in full force and effect on the USPTO's Principal Register, and gives rise to presumptions in favor of KONFUSED® with respect to validity, ownership, and exclusive rights to use the KONFUSED® mark throughout the United States.

- 3 -

10.     Defendant Chris Brown is a famous and internationally-known recording artist, dancer, actor, and entertainer.  Without Plaintiff's permission, Brown has used and advertised Plaintiff's KONFUSED® trademark, and confusingly similar variations thereof, on Defendant's t-shirts, hats, and other clothing apparel.

11.     An example of Brown's use of the KONFUSED® mark on his clothing line is set forth below.



12.     Brown has used his media presence to promote his use of Khazraei's KONFUSED® mark.  In addition, Brown has now taken to using the term KONFUSED throughout social media, such as Instagram, Twitter, and Facebook, where Khazraei is informed and believes that Brown has in excess of 80 million followers.

- 4 -

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

13.   The following is an example of Brown's personal efforts on his Facebook page to promote his Breezy clothing line which contains infringing uses of Khazraei's mark.





14.     Brown also promoted his use of Khazraei's mark during his concert tours.  The following is an example of Brown wearing a hat with the infringing mark:



15.     Brown now uses the mark on his artwork in the same manner as Khazraei.  An example of a Brown's signature on a painting of his contained at the Grammy Museum in downtown Los Angeles is set forth below:



COMPLAINT

16.    There is a likelihood of confusion between Khazraei's KONFUSED®
mark and Brown's infringing use of that mark.  In addition, based on Brown's
celebrity status, Khazraei's KONFUSED® mark has a reasonable likelihood of
reverse confusion.

## FIRST CLAIM FOR RELIEF

### Federal Trademark Infringement (15 U.S.C. § 1114)

17.    Plaintiff incorporates by reference the preceding allegations of this
Complaint.

18.    Brown has used Khazraei's KONFUSED® mark without permission
including, without limitation, in the manner described above.

19.    Brown has used the KONFUSED® trademark, and confusingly similar
variations thereof, in commerce to advertise, promote, market, and sell Brown's
merchandise and brand throughout the United States in a manner that constitutes
trademark infringement in violation of 15 U.S.C. § 1114.

20.    The actions of Defendants, if not enjoined, will continue.  Plaintiff has
suffered and continues to suffer damages in an amount to be proven at trial
consisting of, among other things, diminution in the value of and goodwill
associated with the KONFUSED® mark, and injury to Plaintiff's business.

21.    Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. §
1116.  Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an
amount to be determined at trial, including profits made by Brown on his infringing
sales.

22.    Plaintiff is informed and believes, and on that basis alleges, that the
actions of Defendants were undertaken willfully, making this an exceptional case
entitling Plaintiff to recover additional treble damages and reasonable attorneys'
fees pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF

### Federal Unfair Competition (15 U.S.C. § 1125(a))

23.     Plaintiff incorporates by reference the preceding allegations of this Complaint.

24.     Defendants' actions described above and specifically, without limitation, Defendants' use of the term KONFUSED and confusingly similar variations thereof, in commerce, and to advertise, market, and sell Defendant's clothing apparel, artwork, social media and to promote himself and the same constitute unfair competition and false advertising in violation of 15 U.S.C. § 1125(a).

25.     There is a likelihood of confusion between Khazraei's use of the term KONFUSED and that of Brown.

26.     As an actual and proximate result of Defendant's conduct, Plaintiff has suffered damages in an amount to be determined at trial, and unless Defendants are enjoined, Plaintiff will continue to suffer irreparable harm and damage to its business, reputation, and goodwill.

27.     Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.  Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, including profits made by Brown on his infringing sales.

28.     Plaintiff is informed and believes, and on that basis alleges, that the actions of Defendants were undertaken willfully, making this an exceptional case entitling Plaintiff to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

**THIRD CLAIM FOR RELIEF**

**California Common Law Trademark Infringement**

29.     Plaintiff incorporates by reference the preceding allegations of this Complaint.

30.     Defendants' actions described above and specifically, without limitation, Defendants' use of the term KONFUSED and confusingly similar variations thereof, in commerce and to advertise, market, and sell Defendants' clothing apparel, artwork, social media and to promote himself and the same constitute trademark infringement under the common law of the State of California.

31.     There is a likelihood of confusion between Khazraei's use of the term KONFUSED and that of Defendants.

32.     As an actual and proximate result of Defendants' conduct, Plaintiff has suffered damages in an amount to be determined at trial, and unless Defendants are enjoined, Plaintiff will continue to suffer irreparable harm and damage to its business, reputation, and goodwill.

**FOURTH CLAIM FOR RELIEF**

**Statutory Unfair Competition (Cal. Bus. & Prof. Code § 17200)**

33.     Plaintiff incorporates by reference the preceding allegations of this Complaint.

34.     Defendants' actions described above and specifically, without limitation, Defendants' use of the term KONFUSED and confusingly similar variations thereof, in commerce and to advertise, market, and sell Defendants' clothing apparel, artwork, social media and to promote himself and the same constitute unfair competition and an unfair and unlawful business act in violation of California Business and Professions Code § 17200.

35.     As a result of Defendants' conduct, Plaintiff has suffered and will continue to suffer damage in an amount to be proven at trial, including, but not limited to its business, reputation, and goodwill.

- 9 -

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(1)    A permanent injunction;

(2)    Compensatory damages;

(3)    Restitutionary damages;

(4)    Damages to compensate for Defendants' unjust enrichment, including, but not limited to a disgorgement of Defendants' profits;

(5)    Damages pursuant to 15 U.S.C. § 1117, including, but not limited to, Defendants' profits;

(6)    Trebling of damages and attorneys fees and costs of suit pursuant to 15 U.S.C. § 1117 to the extent Defendants' conduct was willful, intentional, and deliberate in violation of the Lanham Act;

(7)    Prejudgment interest to the extent allowed by law;

(8)    Attorney's fees and costs as otherwise allowed by law; and

(9)    For such other and further relief as the Court deems just and equitable.

DATED:  April 6, 2016          KNEAFSEY & FRIEND LLP

By _____ */s/ Sean M. Kneafsey*_____

Sean M. Kneafsey
Attorneys for Plaintiff ANDRE KHAZRAEI

COMPLAINT

1

## DEMAND FOR JURY TRIAL

2         Plaintiff hereby demands a trial by jury of any issue triable by right of a jury

3    pursuant to Rule 38 of the Federal Rules of Civil Procedure.

4

5     DATED:  April 6, 2016         KNEAFSEY & FRIEND LLP

6                           By         */s/ Sean M. Kneafsey*

7                                  Sean M. Kneafsey
                   Attorneys for Plaintiff ANDRE KHAZRAEI

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-11-